UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAW ENFORCEMENT OFFICERS SECURITY UNIONS, an unincorporated union,

    Plaintiffs,

v.

INTERNATIONAL UNIONS, SECURITY POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA), an International Union, and DAVID L. HICKEY, the International President of the Security Police and Fire Professionals of America, and DWAYNE PHILLIPS.

    Defendants.

Case No.:

Hon.

---

Thomas M. Nunley (P56363)
**NUNLEY WHEELOCK, P.C.**
Counsel for Plaintiff
4051 Haggerty Road
West Bloomfield, Michigan 48323
(248) 366-5000
TMNunley@NunleyWheelock.com

---

## **COMPLAINT**

Plaintiff, LAW ENFORCEMENT OFFICERS SECURITY UNIONS, an unincorporated union (hereinafter "Plaintiff"), through its attorneys, Nunley Wheelock, PC, submit their Complaint against Defendants International Union, Security, Police and Fire Professionals of America ("SPFPA"), David L. Hickey

1

("Hickey") and Dwayne Phillips ("Phillips") (hereinafter, "Defendants") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. LEOSU is an unincorporated national union, organized and existing under the laws of the State of New York.

2. SPFPA's is an unincorporated international union, organized and existing under the laws of the State of Michigan with its Headquarters located in Roseville, Michigan, and SPFPA is doing business throughout the State of Michigan.

3. Hickey is a Michigan resident and is SPFPA's International President.

4. Phillips is a Michigan resident and is an employee of SPFPA.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (1) because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between parties/citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b) (2) because events giving rise to the claims in this lawsuit occurred in this judicial district.

## FACTS

7. On or about February 7, 2013, Plaintiff's organizing director Steve Maritas left SPFPA to seek other opportunities.

8. Maritas founded Plaintiff, LEOSU, on July 6, 2015 to compete with SPFPA in the organizing of police, security police, special police, protective service officers, security guards and all other security professionals nationwide.

2

9. Since Maritas left SPFPA, LEOSU under the leadership of Maritas has demolished and vanquished SPFPA in nearly every election between the two entities.

10. Due solely to the embarrassing nature in which LEOSU has trounced SPFPA in elections, SPFPA has and continues to through Hickey, Phillips and SPFPA to publish insulting, untrue, misleading, and defamatory statements against LEOSU.

11. Defendants disseminate these information through multiple platforms Defendant controls and/or operates, including, but not limited to the following:

- Websites operated and controlled by Defendants
    - https://www.spfpa.org;
    - https://www.youtube.com/channel/UCcKdUENbesRCPThpaOtQ9jQ
    - https://www.youtube.com/channel/UC7Bfi7QS45Gg0e7BQ3x18YA
    - https://www.youtube.com/channel/UCUdQln-XJbQ3YfiJkam78xQ
    - https://www.youtube.com/channel/UC6qKj5gn7bma5e9c2ZnseUA
    - www.mountmustgo.org;
    - www.maritasmustgo.org;
    - www.leosucrime.com;
    - www.leosulawlessnews.com
    - https://www.leosuwatch.com/
    - http://www.leosucriminalblog.com/
    - http://www.leosumustgo.org/
    - http://www.eye-on-maritas-leosu.com/
    - Numerous Facebook Postings all operated and controlled by Defendants;
    - Numerous Twitter Postings all operated and controlled by Defendants;
    - Numerous YouTube Channel posting all operated and controlled by Defendants;

3

- Numerous Other Social Media Postings all operated and controlled by Defendants; and
- The individual Defendants' accounts

(Hereinafter, "Internet Site").

12. Defendants also distribute through posters, flyers, emails, direct mail and text messages sent to LEOSU, its local union members, members of other security officer, police officer, security police, special police, protective service officer, security professional unions and SPFPA members LEOSU is seeking to organize and other unrelated third parties defamatory statements.

13. On their different platforms, Defendants have published defamatory statements against Plaintiff, and Defendants continue to publish additional defamatory statements against Plaintiff on a regular basis.

## COUNT 1
### (Defamation/Business Defamation/Defamation by Implication)

14. Plaintiffs adopts all paragraphs above as if fully set forth herein.

15. Defendants have published numerous insulting, untrue, misleading, and Defamatory Statements against LEOSU. Generally, these statements falsely characterize Plaintiff as, or imply that Plaintiff is, corrupt, criminal, and otherwise unworthy of support.

16. Defendants negligently or with actual malice published the Defamatory Statements regarding Plaintiff to current and potential LEOSU local union members, and the millions of third parties who viewed Defendants' internet platforms.

17. Defendants published the Defamatory Statements to third parties with knowledge of the falsity of the Defamatory Statements or in reckless disregard of their truth or falsity.

4

18. The Defamatory Statements have a tendency to, and did, prejudice Plaintiff in the conduct of its business and deter others from dealing with Plaintiff.

19. The Defamatory Statements Defendants made were not privileged.

20. Plaintiff has demanded, and Defendants have failed to issue, any retractions.

21. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to its business reputations, loss of esteem and standing in the community, loss of business opportunities, and other damages that may arise during the course of discovery and the course of this trial.

22. Defendants' Defamatory Statements are defamation per se.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants as follows:

A. Order Defendants to publish a retraction to each and every person to whom and in the same manner as the Defamatory Statements were published and to cease all future defamatory statements against LEOSU—and all LEOSU's local union members.

B. Award Plaintiff damages in excess of $75,000, including compensatory damages equal to the amount of losses it has sustained and will sustain, exemplary damages, and other and further relief that the court may deem appropriate.

C. Award Plaintiff the costs and attorney fees incurred in connection with this action.

D. Any and all other relief that this Court deems just and equitable.

## COUNT 2
### (False Light)

23. Plaintiff adopts all paragraphs above as if fully set forth herein.

24. Defendants broadcasted and continue to broadcast the Defamatory Statements to a large number of people and to the public in general, by posting them for all to see on the internet.

25. The Defamatory Statements place Plaintiff in a light which would be highly offensive to a reasonable person because they characterize Plaintiff as corrupt, criminal, and otherwise unworthy of support.

26. Defendants had knowledge of or acted in reckless disregard as to the falsity of the publications identified in the Defamatory Statements and the false light in which Plaintiff would be placed.

**WHEREFORE**, Plaintiff requests that this Court grant judgment against Defendants in excess of $75,000, in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and such other relief as the Court deems just and equitable.

## COUNT 3
### (Tortious Interference with a Contract or Advantageous Business Relationship or Expectancy)

27. Plaintiff adopts all paragraphs above as if fully set forth herein.

28. Plaintiff enjoys advantageous business relationships with its local unions and union members and are constantly looking to use those advantageous

business relationships to gain additional local members around the country.

29. By Defendants' conduct described above, Defendants intentionally and improperly interfered with the contracts and business relationship and expectancies between LEOSU and its current local union members, and potential local union members.

30. The conduct described above was intended to, and did, interfere with the contracts and business relationships and expectancies causing their breach, disruption, or termination.

31. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

**WHEREFORE**, Plaintiff requests that this court enter judgment in their favor and against Defendants for compensatory damages in an amount in excess of $75,000 that is sufficient to compensate Plaintiff for its actual, consequential, and incidental losses, including lost financial support sustained as a result of Defendants' wrongful actions, plus interest, costs, reasonable attorney fees, and such other relief that this Court deems just and equitable.

### COUNT 4
### (Knowing Misrepresentation of Copyright Claims Under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f))

32. Plaintiff adopts all paragraphs above as if fully set forth herein.

33. 17 U.S.C. § 512(f) provides that any person who knowingly materially misrepresents that material or activity is infringing that person's copyright shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged

infringer who is injured by such misrepresentation, as the result of a service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing.

34. In order to counter the defamatory statements Defendants routinely disseminate attacking Plaintiff, Plaintiff created its own sites and posted them through Wix.com and other website hosts and platforms (Hereinafter, "LEOSU Websites").

35. Defendants did not—and do not—hold a copyright interest in any content, posts, images, videos, parts of videos, images displayed in videos, or any other aspect of any content which have ever been posted on the LEOSU Websites.

36. On numerous occasions, Defendants have formally demanded that internet platforms remove Plaintiff's content and that Wix remove Plaintiff's websites, or otherwise block access to the LEOSU Websites on the grounds that the content on the LEOSU Websites violated Defendants' alleged copyright interests.

37. Defendant, Dwayne Phillips acting in concert with Defendant SPFPA and Defendant Hickey to remove and otherwise block access alleging copyright interests.

38. This conduct constitutes knowingly materially misrepresenting that material or activity—here, content posted to the LEOSU Websites—is infringing Defendants' copyright(s).

39. This is an improper use of the DMCA takedown scheme and is specifically prohibited by law. 17 U.S.C. § 512(f).

40. As a direct and proximate result of Defendants' knowing misrepresentations that content posted to the LEOSU Websites infringed Defendants' copyright interests, Plaintiff has suffered substantial economic injury,

loss of goodwill, harm to their business reputations, loss of esteem and standing in the community, loss of business opportunities, deprivation of Plaintiff's free speech rights under the First Amendment, and other damages that may arise during the course of discovery and the course of this trial.

**WHEREFORE**, Plaintiff requests that this court enter judgment in its favor and against Defendants for all damages, including costs and attorneys' fees, incurred by Plaintiff as the result of any internet platforms or providers relying upon Defendants' knowing misrepresentations in removing and disabling access to the LEOSU Websites, and such other relief that this Court deems just and equitable.

## COUNT 5
### (Permanent Injunctive Relief)

41. Plaintiff adopts all paragraphs above as if fully set forth herein.

42. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of destroying Plaintiff's goodwill and reputation by use of defamatory statements, placing Plaintiff in a false light, and interfering with Plaintiff's contractual or advantageous business relationships or expectancies.

43. This resulted in the unlawful and tortious activity of defamation, placing Plaintiff in a false light, and tortious interference.

44. As a result of Defendants' wrongful and tortuous acts, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Court grant judgment against Defendants in the form of a permanent injunction against further defamatory statements, actual damages, punitive damages, and all other and further relief as may be appropriate.

|  |  |
|---|---|
|  | *Respectfully submitted,* |
|  | **NUNLEY WHEELOCK, P.C.** |
|  | **/s/ Thomas M Nunley** |
| Dated: September 15, 2020 |  |
|  | Thomas M. Nunley (P56363) |
|  | **NUNLEY WHEELOCK, P.C.** |
|  | Attorney for Plaintiff |
|  | 4051 Haggerty Road |
|  | West Bloomfield, Michigan 48323 |
|  | (248) 366-5000 |
|  | TMNunley@NunleyWheelock.com |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAW ENFORCEMENT OFFICERS SECURITY UNION, an unincorporated union,<br><br>      Plaintiffs,<br><br>v.<br><br>INTERNATIONAL UNIONS, SECURITY POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA), an International Union, and DAVID L. HICKEY, the International President of the Security Police and Fire Professionals of America, and DWAYNE PHILLIPS.<br><br>      Defendants. | Case No.:<br><br>Hon. |

Thomas M. Nunley (P56363)
**NUNLEY WHEELOCK, P.C.**
Counsel for Plaintiff
4051 Haggerty Road
West Bloomfield, Michigan 48323 (248) 366-5000
TMNunley@NunleyWheelock.com

## **RELIANCE ON JURY DEMAND**

Plaintiff hereby give notice that they will rely upon the jury demand filed by Plaintiff in the above-captioned case.

*Respectfully submitted,*

**NUNLEY WHEELOCK, P.C.**

Dated:  September 15, 2020

**/s/ Thomas M Nunley**

Thomas M. Nunley (P56363)
**NUNLEY WHEELOCK, P.C.**
Attorney for Plaintiff
4051 Haggerty Road
West Bloomfield, Michigan 48323
(248) 366-5000
TMNunley@NunleyWheelock.com